UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | S1 07 Cr. 274 (GEL) |
| - v.- | AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION |
| HEBERT VELOZA GARCIA<br>     a/k/a "Ever Veloza-Garcia,"<br>     a/k/a "Hernan Hernandez,"<br>     a/k/a "Cara Pollo,"<br>     a/k/a "HH,"<br><br>                    Defendant. | |

STATE OF NEW YORK              )
COUNTY OF NEW YORK             )
SOUTHERN DISTRICT OF NEW YORK  )

I, GURUANJAN SAHNI, sworn, hereby depose and state:

1.    I am a citizen of the United States and work in New York County, New York.

2.    I am 30 years old.  In May 1998 I received a Bachelor of Arts degree from Emory University.  In May 2001 I received a Juris Doctor degree from Yale University Law School. I was admitted to the bar of the State of New York in 2002.

3.    From August 2001 through August 2002 I served as a law clerk to the Honorable Pierre N. Leval on the United States Court of Appeals for the Second Circuit.  From October 2002 through December 2004 I practiced law as an associate in the litigation department of Wilmer, Cutler & Pickering LLP (now known as Wilmer Cutler Pickering Hale & Dorr LLP), a private law firm in New York, New York.

1

4.   From January 2005 until the present I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Southern District of New York.  As an Assistant United States Attorney, my duties are to prosecute persons charged with criminal violations of the laws of the United States.  I have personally represented the United States in cases against over one hundred defendants charged with violations of federal criminal laws.  Based upon my training and experience, I am an expert in the criminal laws and procedures of this district and the United States, as well as the extradition laws of the United States.

5.   During my tenure at the United States Attorney's Office, I have become particularly knowledgeable in that area of criminal law relating to violations of the federal narcotics statutes, including Title 21, United States Code, Section 963, conspiracy to import a controlled substance into the United States; and Title 21, United States Code, Section 959, importing a controlled substance into the United States.

6.  Since December 2006, I have been assigned to the International Narcotics Unit of the United States Attorney's Office.  I am therefore particularly knowledgeable in the area of laws relating to violations of the federal narcotics statutes and the areas of the law relating to money laundering and criminal forfeiture.  Based upon my training and experience, I am an

2

expert in the criminal laws and procedures of this district and the United States.

7.   In the course of my official duties I have become familiar with the charges and evidence in the case against Herbert Veloza GARCIA, a/k/a "Ever Veloza-Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a "HH" (hereinafter "VELOZA GARCIA"), which arose out of an investigation by the United States Drug Enforcement Administration ("DEA") into a narcotic-trafficking group operating primarily from Colombia with associates operating in numerous other countries.  Specifically, this investigation focused on VELOZA GARCIA's development and exploitation of drug trafficking routes used to ship quantities of cocaine from Colombia to the United States directly and through third countries, including Panama and Mexico.

## I.  **The Grand Jury Process**

8.   Under the laws of the United States, a criminal prosecution may be commenced by a grand jury on its own decision to return and file an indictment with the Clerk of the United States District Court.  A grand jury is composed of at least sixteen (16) people whom the United States District Court selects at random from the residents of the Southern District of New York.  The grand jury is part of the judicial branch of the United States government.

3

9.    The purpose of the grand jury is to view the evidence of crimes presented to it by United States law enforcement authorities.  After independently viewing this evidence, each member of the grand jury must determine if there is probable cause to believe that a crime has been committed, and that the particular defendant committed the crime.  A grand jury returns an indictment when at least twelve (12) grand jurors have voted in favor of an indictment.  An indictment is a formal document that charges the defendant with a crime or crimes, describes the specific laws that the defendant is accused of violating, and describes the acts of the defendant that are alleged to be violations of the law.  After the grand jury returns the indictment, a warrant for the defendant's arrest is issued by the United States District Court.  A grand jury may also return a superseding indictment, which amends the accusations.  If the grand jury approves a superseding indictment, the court may, but does not have to, issue a new arrest warrant.

## II. The Charges and Pertinent United States Law

10.    On April 23, 2007, a federal grand jury, sitting in the Southern District of New York, returned a superseding indictment, case number S1 07 Cr. 274 (GEL), against VELOZA GARCIA, charging him with the following felony offenses: Count One of the superseding indictment charges that VELOZA GARCIA

conspired to (1) import a controlled substance, specifically,
five kilograms and more of mixtures and substances containing a
detectable amount of cocaine, into the United States from a place
outside thereof, and (2) distribute a controlled substance,
specifically, five kilograms and more of mixtures and substances
containing a detectable amount of cocaine, knowing and intending
that such substance would be unlawfully imported into the United
States or into waters within a distance of 12 miles of the coast
of the United States, contrary to Title 21, United States Code,
Sections 952(a) and 959(a), in violation of Title 21, United
States Code, Sections 960(b)(1)(B)(ii), and 963.  Count Two of
the superseding indictment charges that VELOZA GARCIA distributed
a controlled substance, specifically, five kilograms and more of
mixtures and substances containing a detectable amount of
cocaine, knowing and intending that such substance would be
unlawfully imported into the United States or into waters within
a distance of 12 miles of the coast of the United States, in
violation of Title 21, United States Code, Sections 959(a), and
960(b)(1)(B)(ii).  Cocaine is a controlled substance pursuant to
Title 21, United States Code, Section 812.  The superseding
indictment also contains forfeiture allegations against VELOZA
GARCIA.  These allegations are authorized by Title 21, United
States Code, Section 853.  All of VELOZA GARCIA's criminal
conduct alleged in the superseding indictment occurred after

5

December 17, 1997. He has not been previously prosecuted or
convicted for any of the offenses for which extradition is
sought, nor has he been ordered to serve any sentence for any of
the offenses that form the basis of this request.

11. The portions of the United States Code statutes
that are relevant to this case are annexed to this affidavit as
Exhibit A. The statutes were each duly enacted and in force at
the time the offenses were committed and at the time the
Indictment was returned. They remain in full force and effect.
A violation of any of these statutes constitutes a felony under
the laws of the United States.

12. I have also included as part of Exhibit A the true
and accurate text of Title 18, United States Code, Section 3282,
which is the statute of limitations for the crimes charged in the
indictment. The statute of limitations requires that a defendant
be formally charged within five years of the date on which the
offense or offenses were committed. Once an indictment has been
filed in a federal district court, as with the charges against
VELOZA GARCIA, the statute of limitations is tolled and no longer
runs. The statute of limitations is tolled and does not resume
as long as an indictment or superseding indictment is in effect
in the case. The reason for this is to prevent a criminal from
escaping justice by simply hiding out and remaining a fugitive
for a long period of time.

13.   I have thoroughly reviewed the applicable statute
of limitations.   Since the applicable statute of limitations is
five years, and the superseding indictment, which charges
criminal violations occurring from 1998 up to and including 2006,
was filed on April 23, 2007, VELOZA GARCIA was formally charged
within the prescribed five-year time period.   The prosecution of
the charges in this case is therefore not barred by the statute
of limitations.

14.   On April 23, 2007, a warrant for the arrest of
VELOZA GARCIA on the charges in the superseding indictment was
issued by the United States District Court for the Southern
District of New York.

15.   It is the practice of the United States District
Court for the Southern District of New York to retain the
original indictment, any superseding indictment, and the original
arrest warrant and to file them with the Clerk of the Court.   I
have obtained a certified true and accurate copy of the
superseding indictment from the Clerk of the Court, and have
attached it to this affidavit as Exhibit B.   I have attached a
certified true and accurate copy of the arrest warrant as
Exhibit C.

16.   Count One of the superseding indictment charges
VELOZA GARCIA with conspiring to violate the laws of the United
States.   Specifically, Count One charges VELOZA GARCIA with

7

participating in a conspiracy to violate the narcotics
importation laws of the United States.  Under United States law,
a conspiracy is simply an agreement to violate another criminal
statute.  Under United States law, in other words, the act of
combining and agreeing with one or more persons to violate a law
of the United States is a crime itself.

17.  Such agreements need not be formal, and may be
simply an oral understanding.  A conspiracy is deemed to be a
partnership for criminal purpose, in which each member or
participant becomes the agent or partner of every other member.
A person may become a member of a conspiracy without full
knowledge of all of the details of the unlawful scheme or the
names and identities of all of the other conspirators.  So if a
defendant has an understanding of the unlawful nature of a plan
and knowingly and willfully joins in that plan on at least one
occasion, that is sufficient to convict him of conspiracy, even
if he had not participated before and even if he played only a
minor part.

18.  In order to convict VELOZA GARCIA of the felony
charged in Count One of the superseding indictment -
participation in a conspiracy to (1) import cocaine into the
United States and (2) distribute cocaine, knowing and intending
that it would be unlawfully imported into the United States, the
United States must prove at trial that the defendant came to an

agreement with one or more other persons to accomplish a common
and unlawful plan as described in Count One of the superseding
indictment and that the defendant knowingly and willfully became
a member of that conspiracy.  The maximum penalties for a
violation of Title 21, United States Code, Section 963, are a
life term of imprisonment, a life term of supervised release, a
fine of $4,000,000, and a special assessment of $100.

        19.   In order to convict VELOZA GARCIA of the felony
charged in Count Two of the superseding indictment - distribution
of cocaine with the intent to import it into the United States,
the United States must prove at trial that VELOZA GARCIA
distributed five kilograms and more of mixtures and substances
containing a detectable amount of cocaine and that he did so
intending and knowing that such cocaine would be imported into
the United States or into waters within a distance of 12 miles of
the coast of the United States.  The maximum penalties for a
violation of Title 21, United States Code, Section 959, are a
life term of imprisonment, a life term of supervised release, a
fine of $4,000,000, and a special assessment of $100.

        20.   The United States will prove its case against
VELOZA GARCIA through various types of evidence, including the
testimony of witnesses and post-arrest statements made by VELOZA
GARCIA to United States law enforcement agents in which he
admitted his criminal conduct.

### III.   Summary of the Facts of the Case

21.   As set forth in more detail in the affidavit of DEA Task Force Officer John Barry, VELOZA GARCIA participated in an international drug trafficking group based in Colombia.

22.   From 1998, up to and including 2006, VELOZA GARCIA oversaw the importation of tons of cocaine into the United States.

23.   Attached as Exhibit D is the affidavit of Detective John Barry, Task Force Officer of the United States Drug Enforcement Administration, providing additional facts about the case and identification information concerning VELOZA GARCIA.

### IV.  **Conclusion**

24.  HEBERT VELOZA GARCIA, a/k/a "Ever Veloza-Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," and a/k/a "HH," is a citizen of Colombia, born on July 4, 1967, in Colombia.  VELOZA GARCIA holds a Colombian cedula number ███████, issued in ████████ ██████████, and a picture of VELOZA GARCIA is attached as Exhibit E to this affidavit.

25.  I have reviewed the affidavit of Detective John Barry and the evidence in this case.  I attest that the evidence indicates that VELOZA GARCIA is guilty of the offenses for which extradition is sought.

_____
GURUANJAN SAHNI
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK

SWORN AND SUBSCRIBED BEFORE
ME THIS \_\_\_\_\_31st\_\_\_\_ DAY OF AUGUST 2007

_____
UNITED STATES MAGISTRATE JUDGE

**Debra Freeman**
**United States Magistrate Judge**
**Southern District of New York**

11

## **LIST OF EXHIBITS**

A.   Relevant Statutes

B.   Indictment S1 07 Cr. 274 (GEL)

C.   Arrest Warrant S1 07 Cr. 274 (GEL)

D.   Affidavit of Detective John Barry, Task Force Officer of the United States Drug Enforcement Administration

E.   Photograph of VELOZA GARCIA

# Exhibit A

<u>**EXHIBIT A**</u>

**Title 21, United States Code, Section 963**

§ 963.  Attempt and conspiracy

     Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**Title 18, United States Code, Section 3282: Offense Not Capital**

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found of information is instituted within five years next after such offense shall have been committed.

**Title 21, United States Code, Section 952**

§ 952.  Importation of controlled substances

> (a)     Controlled substances in schedule I or II and narcotic drugs in schedule III, IV, or
>          V; . . .

It shall be unlawful to import into the customs territory of the United States from any
place outside thereof (but within the United States), or to import into the United States
from any place outside thereof, any controlled substance in schedule I or II of subchapter I
of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this
chapter, . . .

* * * *

**Title 21, United States Code, Section 812**

§ 812.  Schedules of controlled substances

(a) Establishment

　　There are established five schedules of controlled substances, to be known as schedules I, II, III, IV, and V.  Such schedules shall initially consist of the substances listed in this section....

<u>Schedule II</u>

\*\*\*\*

　　(a) Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

\* \* \*

　　(4) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.

16

**Title 21 United States Code Section 960**

§      960.    Prohibited acts A

(a)      Unlawful acts

      Any person who--

      (1) contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance,
      (2) contrary to section 955 of this title, knowingly or intentionally brings or possesses on board a vessel, aircraft, or vehicle a controlled substance, or
      (3) contrary to section 959 of this title, manufactures, possesses with intent to distribute, or distributes a controlled substance,

shall be punished as provided in subsection (b) of this section.

(b)      Penalties

      (1) In the case of a violation of subsection (a) of this section involving--
      (B) 5 kilograms or more of a mixture or substance containing a detectable amount of

      (i) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
      (ii) cocaine, its salts, optical and geometric isomers, and salts or isomers;
      (iii) ecgonine, its derivatives, their salts, isomers and salts of isomers; or
      (iv) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in clauses (I) through (iii);

* * *

the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than 20 years and not more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both...Any sentence under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this paragraph.  No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.

**Title 21, United States Code, Section 959**

§ 959.  Possession, manufacture, or distribution of controlled substance or listed chemical

(a) Manufacture or distribution for purpose of unlawful importation

It shall be unlawful for any person to manufacture or distribute a controlled substance in Schedule I or II . . . .

(1) intending that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States; or

(2) knowing that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.

\* \* \*

(c)     Acts committed outside territorial jurisdiction of United States; venue

This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States.  Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia.

18

**Title 21 U.S.C. § 853. Criminal forfeitures**

(a) Property subject to criminal forfeiture. Any person convicted of a violation of this subchapter or
subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to
the United States, irrespective of any provision of State law--

(1) any property constituting, or derived from, any proceeds the person obtained, directly or
indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or
to facilitate the commission of, such violation; and

(3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation
of section 848 of this title, the person shall forfeit, in addition to any property described in
paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights
affording a source of control over, the continuing criminal enterprise.

The court, in imposing sentence on such person, shall order, in addition to any other sentence
imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the
United States all property described in this subsection. In lieu of a fine otherwise authorized by
this part, a defendant who derives profits or other proceeds from an offense may be fined not
more than twice the gross profits or other proceeds.
*****

(p) Forfeiture of substitute property
    (1) In general

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a
result of any act or omission of the defendant--

        (A) cannot be located upon the exercise of due diligence;
        (B) has been transferred or sold to, or deposited with, a third party;
        (C) has been placed beyond the jurisdiction of the court;
        (D) has been substantially diminished in value; or
        (E) has been commingled with other property which cannot be
        divided without difficulty.

    (2) Substitute property

In any case described in any of subparagraphs (A) through (E) of paragraph (1) , the court shall
order the forfeiture of any other property of the defendant, up to the value of any property
described in subparagraphs (A) through (E) of paragraph (1) , as applicable.

19

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA              :        INDICTMENT

            - v. -                    :        S1 07 Cr. 274

HEBERT VELOZA GARCIA,                 :
     a/k/a "Ever Veloza-Garcia,"
     a/k/a "Hernan Hernandez,"        :
     a/k/a "Cara Pollo,"
     a/k/a "HH,"                      :

                  Defendant.          :
- - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 2 3 2007

## COUNT ONE

(Narcotics Importation Conspiracy)

The Grand Jury charges:

1.  From in or about 1998 up to and including in or about 2006, in the Southern District of New York and elsewhere, HEBERT VELOZA GARCIA, a/k/a "Ever Veloza-Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a "HH," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that HERBERT VELOZA GARCIA, a/k/a "Ever Veloz-Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a "HH," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

3.   It was further a part and an object of the
conspiracy that HEBERT VELOZA GARCIA, a/k/a "Ever Veloza-Garcia,"
a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a "HH," the
defendant, and others known and unknown, would and did distribute
a controlled substance, to wit, five kilograms and more of a
mixture and substance containing a detectable amount of cocaine,
intending and knowing that such substance would be imported into
the United States from a place outside thereof, in violation of
Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United
States Code.

(Title 21, United States Code, Section 963.)

COUNT TWO

(Narcotics Importation)

The Grand Jury further charges:

4.   From at least in or about 1998 up to and including
in or about 2006, in the Southern District of New York and
elsewhere, HERBERT VELOZA GARCIA, a/k/a "Ever Veloz-Garcia,"
a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a "HH," the
defendant, distributed a controlled substance, to wit, five
kilograms and more of mixtures and substances containing a
detectable amount of cocaine, knowing and intending that the
substance would be unlawfully imported into the United States, or
into waters within a distance of 12 miles of the coast of the
United States.

(Title 21, United States Code, Sections 959(a),
960(b)(1)(B)(ii), and 812.)

2

FORFEITURE ALLEGATION

5.    As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, HEBERT VELOZA GARCIA, a/k/a "Ever Veloza-Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a "HH," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violations and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses described in Counts One and Two of this Indictment.

Substitute Assets Provision

6.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

> a.    cannot be located upon the exercise of due diligence;
>
> b.    has been transferred or sold to, or deposited with, a third party;
>
> c.    has been placed beyond the jurisdiction of the court;

3

        d.   has been substantially diminished

            in value; or

        e.   has been commingled with other

            property which cannot be divided

            without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the

forfeitable property.

       (Title 21, United States Code, Sections 963 and 853.)

_____      _____
FOREPERSON                        MICHAEL J. GARCIA
                                      United States Attorney

4

CERTIFIED AS A TRUE COPY ON

THIS DATE   8/30/07

BY _____
        ( ) Clerk
        (X) Deputy

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### HERBERT VELOZA GARCIA,
a/k/a "Ever Veloza-Garcia,"
a/k/a "Hernan Hernandez,"
a/k/a "Cara Polla,"
a/k/a "HH,"

**Defendant.**

### SUPERSEDING INDICTMENT

S1 07 Cr. 274

(Title 21, United States Code, Sections 812, 853, 952(a),
959, 960(a)(3), 960(b)(1)(B), and 963)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

P. st 11.1.87
4/23/07
Filed 2nd.
Ellis, J.

# Exhibit C

CR 12 (Rev. 5/03)

# WARRANT FOR ARREST

| **United States District Court** | DISTRICT<br>**SOUTHERN DISTRICT OF NEW YORK** | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HERBERT VELOZA GARCIA,<br>a/k/a "Ever Veloza-Garcia,"<br>a/k/a "Hernan Hernandez,"<br>a/k/a "Cara Pollo,"<br>a/k/a "HH" | DOCKET NO.<br>S(1) 07 CR 274 | MAGISTRATE'S CASE NO. |
| | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED<br><br>HERBERT VELOZA GARCIA,<br>a/k/a "Ever Veloza-Garcia,"<br>a/k/a "Hernan Hernandez,"<br>a/k/a "Cara Pollo,"<br>a/k/a "HH" | |
| WARRANT ISSUED ON THE BASIS OF:<br>☐ Order of Court<br>X Indictment  ☐ Information  ☐ Complaint | | |
| | DISTRICT OF ARREST | |
| TO: UNITED STATES MARSHAL OR ANY OTHER AUTHORIZED OFFICER | CITY | |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

**DESCRIPTION OF CHARGES**

Narcotics importation conspiracy; narcotics importation

*[stamp:]* USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: APR 2 3 2007

*[stamp:]* CERTIFIED AS A TRUE COPY ON THIS DATE 8/30/07 _____ Clerk Deputy

| IN VIOLATION OF | UNITED STATES CODE TITLE<br>21 | SECTION<br>812, 853, 952(a), 959, 960(a)(3),<br>960(b)(1)(B), and 963 |
|---|---|---|
| | BAIL | OTHER CONDITIONS OF RELEASE |
| ORDERED BY | SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE)<br>*Ronald L. Ellis* | DATE ORDERED<br>APR 2 3 2007 |
| CLERK OF COURT | (BY) DEPUTY CLERK | DATE ISSUED |

**RETURN**

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   - v.-

HEBERT VELOZA GARCIA
      a/k/a "Ever Veloza-Garcia,"
      a/k/a "Hernan Hernandez,"
      a/k/a "Cara Pollo,"
      a/k/a "HH,"

               Defendant.

S1 07 Cr. 274 (GEL)

AFFIDAVIT IN
SUPPORT OF
REQUEST FOR
EXTRADITION

STATE OF NEW YORK             )
COUNTY OF NEW YORK          )
SOUTHERN DISTRICT OF NEW YORK  )

    I, JOHN BARRY, being duly sworn, depose, and state:

## I. INTRODUCTION

    1.   I am a citizen of the United States, working in New York, New York.

    2.   I am a Detective with the New York City Police Department ("NYPD"), employed as a Task Force Officer with the Drug Enforcement Administration ("DEA") in New York City.  I have been employed by the NYPD for approximately 17 years, and have been assigned as a Task Force officer with the New York Drug Enforcement Task Force for approximately 4 years.

    3.   The DEA is one of the agencies within the United States government responsible for the enforcement of federal narcotics laws.  As a Task Force Officer with the DEA, I have

1

personally conducted and participated in numerous investigations
that have resulted in the arrests and convictions of people
responsible for trafficking in narcotics.

4.    Based on my training and experience as a Task
Force Officer with the DEA, I am familiar with the means and
methods that narcotics traffickers use to import illicit drugs
and I am familiar with the support and assistance that narcotics
organizations require to conduct their illegal activities.  I
have also become knowledgeable about the criminal statutes of the
United States, and the federal narcotics statutes in particular.

5.    My duties have included conducting an
investigation of Herbert VELOZA GARCIA, a/k/a "Ever Veloza-
Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," a/k/a
"HH," (hereinafter "VELOZA GARCIA"), who is charged with
narcotics offenses in superseding indictment, S1 07 Cr. 274
(GEL).  As one of the lead investigators, I am familiar with the
evidence in the case.

## II. Background

6.    The investigation has revealed that from 1998
through 2006, VELOZA GARCIA participated in a drug trafficking
group operating primarily from Colombia with associates operating
in numerous other countries.  Specifically, VELOZA GARCIA oversaw
the development and exploitation of drug trafficking routes used
to ship huge quantities of cocaine from Colombia to the United

2

States directly and through third countries, including Panama and Mexico. All of VELOZA GARCIA's criminal conduct charged in the indictment in this case took place after December 17, 1997.

### III. Evidence

7.    I have debriefed a confidential source ("CS-1") who has provided reliable information in this and other investigations and CS-1 stated that:

a.    CS-1 met with VELOZA GARCIA on at least three occasions between 1999 and 2002 at various locations in Colombia. During a meeting in 1999, CS-1 heard VELOZA GARCIA refer to the fact that he (VELOZA GARCIA) had obtained 1,000 kilograms of cocaine destined for the United States.

b.    In 2000, CS-1 heard another individual, whom CS-1 knew as a large cocaine trafficker, tell VELOZA GARCIA that people were complaining about the quality of cocaine that was produced and originated from an area that VELOZA GARCIA controlled.

c.    In 2002, CS-1 heard VELOZA GARCIA discuss that he (VELOZA GARCIA) had had a dispute with another individual whom CS-1 knew as a large cocaine trafficker concerning a shipment of 1,000 kilograms of cocaine. CS-1 heard VELOZA GARCIA state that he (VELOZA GARCIA) had been providing protection and security for the shipment of this load of cocaine.

8.    I was notified by DEA officials in Colombia that

3

VELOZA GARCIA was arrested in Colombia on April 3, 2007, and that
VELOZA GARCIA made post-arrest statements to DEA Special Agents.
In addition, on April 10, 2007, I traveled to Colombia and
participated in a post-arrest interview of VELOZA GARCIA.  VELOZA
GARCIA stated the following:

        a.    VELOZA GARCIA's involvement in cocaine
trafficking began in 1998, when he started (along with others in
his organization) charging a tax on every go-fast vessel
containing cocaine that departed from areas controlled by VELOZA
GARCIA's organization.

        b.    VELOZA GARCIA was aware that these go-fast
vessels transported cocaine to Mexico, Guatemala, and Panama, and
that the ultimate destination of the cocaine shipments was the
United States.  Up to six to eight go-fast vessels left the area
that he controlled every month, with the average load of cocaine
on each vessel ranging between 1,000 and 2,000 kilograms.

## IV. **Identification**

        9.    HEBERT VELOZA GARCIA, a/k/a "Ever Veloza-Garcia,"
a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," and a/k/a "HH," is
a citizen of Colombia, born on July 4, 1967, in Colombia.  VELOZA
GARCIA holds a Colombian cedula number ██████████ issued in
████████████ ████████████████

10.  Attached as Exhibit E is a photograph of HEBERT VELOZA GARCIA, a/k/a "Ever Veloza-Garcia," a/k/a "Hernan Hernandez," a/k/a "Cara Pollo," and a/k/a "HH."   Based upon my personal observation, I recognize the person in Exhibit E as HEBERT VELOZA GARCIA, the individual whom I interviewed on April 10, 2007 in Colombia.

JOHN BARRY
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

SWORN AND SUBSCRIBED BEFORE
ME THIS ___31st___ DAY OF AUGUST, 2007

UNITED STATES MAGISTRATE JUDGE

**Debra Freeman**
United States Magistrate Judge
Southern District of New York

5

# Exhibit E

REDACT

REDACT